UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**DEXTER DUREN**                                                                                 **PLAINTIFF**

**v.**                              **CASE NO. 5:07-CV-0297 BSM**

**WASHINGTON GROUP INTERNATIONAL, INC.**            **DEFENDANT**

## ORDER

Before the court is the motion in limine field by Defendant Washington Group International, Inc. ("Washington Group"). Washington Group moves this court to instruct plaintiff Dexter Duren ("Duren") to refrain from calling any witnesses other than Duren or introducing into evidence any exhibits since Duren failed to properly disclose the same pursuant to Federal Rule of Civil Procedure 26, Local Rule 26.2, and this court's final scheduling order. Washington Group notes that Duren did not file his pretrial conference information sheet until April 13, 2009, although it was due April 3, 2009.

Washington Group asserts that Duren's initial disclosures contained no, very little, or incorrect contact information for the following witnesses: Robert Earl Daniels, Sr., Charles "Chuck" Ladd, Kevin Smith, Donald Brown, Linda Townsend, Beatrice Apple, Jean Branix, Diane Brownlow, and Stephen DePew. Washington Group also notes that Duren failed to separate the witnesses he "expects to call" from those he "may call."

In response, Duren asserts that Washington Group has the personnel files of Daniels, Ladd, Smith, Townsend, Apple, Brownlow, and DePew because these individuals are former

employees of Washington Group. Duren also asserts that Brown currently works for Washington Group, and thus, is readily accessible.

Washington Group replies that its access to several of the individuals' personnel files does not relieve Duren of his responsibility to provide proper contact information for witnesses, noting that the individuals have not worked for Washington Group in years. Washington Group does not state whether Brown currently works for it.

> Federal Rule of Civil Procedure 26(a) provides in part,
>
> (1) Initial Disclosure.
> . . . a party must, without awaiting a discovery request, provide to the other parties: (i) the name, and if known, the address and telephone number of each individual likely to have discoverable information–along with the subjects of that information–that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment."
> . . .
> (3) Pretrial Disclosures.
> . . . In addition to the disclosures required by Rule 26(a)(1) and (2), a party must provide to the other parties and promptly file the following information about the evidence that it may present at trial other than solely for impeachment: (i) the name and, if not previously provided, the address and telephone number of each witness–separately identifying those the party expects to present and those it may call if the need arises;"

Federal Rule of Civil Procedure 37(c)(1) provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion or after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

The court recognizes, and absolutely does not condone, the failure of Duren to timely file his pretrial disclosures and appropriately designate his witnesses. The court also notes, however, that the names of the witnesses at issue were disclosed in Duren's initial disclosures, and as of April 13, 2009, Washington Group was aware of the deficiencies in Duren's pretrial disclosures, yet waited until April 24, 2009, to formally object.

The court directs Duren to designate which witnesses he "will call" and "may call" on or before Saturday, May 2, 2009, at 1:00 p.m. and provide said designation to counsel for Washington Group. Duren is also directed to provide the required contact information for any witnesses on his witness list to Washington Group by that deadline. The court notes that it does not yet have a copy of Duren's final witness list.

Next, Washington Group asserts that the following exhibits listed in the pre-trial conference information sheet were not listed in Duren's initial disclosures or provided to Washington Group:

    g)    April 8, 2002 e-mail from Russell Morris;
    i)    March 15, 2003 e-mail from Dexter Duren to Ted Howard, etc.;
    j)    March 20, 2003 e-mail from Dianne Brownlow to IS Department;
    k)    April 9, 2003 e-mail from Dianne Brownlow to IS Department;
    m)    May 29, 2007 e-mail from Dexter Duren to management;
    n)    March 10, 2005 letter from Dexter Duren to Management; and
    p)    September 15, 2004 e-mail from Dexter Duren to Sharon Mulder.

Washington Group also asserts that Duren failed to list "company policies" and an "organization chart" in his initial disclosures or original pretrial conference information sheet

and has yet to provide these documents to it, and has failed to provide it with a copy of the EEOC file.

Duren asserts that Washington Group did not conduct any type of discovery (*i.e.*, interrogatories or requests for production), with the exception of taking Duren's deposition. Thus, he asserts that Washington Group cannot now claim prejudice by not being provided these documents.

Federal Rule of Civil Procedure 26(a)(1) regarding initial disclosures requires that "a party must, without awaiting a discovery request, provide to the other parties . . . a copy–or a description by category and location–of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Review of Duren's Rule 26(a)(1) initial disclosures reveal that in Section B, Duren identifies the following:

> 2) EEOC file;
> . . .
> 8) April 8, 2002 e-mail from Russell Morris;
> 9) March 15, 2003 e-mail from Dexter Duren to Ted Howard, etc.;
> 10) March 20, 2003 e-mail from Dianne Brownlow to IS Department;
> 11) April 9, 2003 e-mail from Dianne Brownlow to IS Department;
> . . .
> 13) May 29, 2007 e-mail from Dexter Duren to Terry McNutt and Lee Hendrix;
> 14) March 10, 2005 letter from Dexter Duren to management;
> . . .
> 16) September 15, 2004 e-mail from Dexter Duren to Sharon Mulder . . .

Ex. 1, def.'s motion. Thus, it appears that Duren at least disclosed the existence of these documents. It is impossible for the court to determine, however, whether copies of the documents were provided to Washington Group, or whether Washington Group requested copies of said documents. The court directs Duren to provide a copy of these documents to counsel for Washington Group, at Washington Group's expense, on or before Saturday, May 2, 2009, at 1:00 p.m. As to the "company policies" and an "organization chart," it seems that Washington Group is in the position to obtain these documents itself. Nevertheless, Duren is directed to provide a copy of each of these documents it intends to use at trial to counsel for Washington Group, at Washington Group's expense, on or before Saturday, May 2, 2009, at 1:00 p.m.

Additionally, Washington Group seeks to exclude all evidence improperly discovered during the depositions of three of its management employees in contravention of the court's order dated March 2, 2009. The order denied Duren's motion for a continuance to take the depositions of three witnesses because "Duren has had sufficient time to conduct discovery and prepare for trial and has not shown good cause for a continuance." Washington Group states that Duren's counsel, Austin Porter, Jr., represents the plaintiff in *Corey E. Thomas v. Washington Demilitarization Co.* and *Washington Group Int'l,* 5:07-cv-00200-WRW (the "*Thomas* case"). Washington Group asserts that during depositions in the *Thomas* case on March 24, 2009, Porter improperly questioned the three witnesses he previously wished to depose regarding this case. Specifically, Washington Group states that Porter questioned Ted

Howard regarding the selection of DeArthur Grice, rather than Duren, for the position of Information System Manager. Washington Group also states that the parties contacted Judge Bill Wilson, who was presiding over the *Thomas* case, regarding the issue, and Judge Wilson ordered Howard to answer the questions, noting:

> However, Judge Miller can – if he sees this as a circumvention of his order, he can certainly exclude it, and you're free to brief it with him.
>
> I would not want to transgress one of his orders. But I don't think they'll have to come back for another deposition after that trial is over. So your objection is overruled. He's directed to answer, and your objection is saved.

Ex. 5, def.'s motion. Washington Group further states that in David Knighton's deposition, Porter questioned him regarding issues relating solely to Duren. Washington Group requests that the court exclude any evidence gain by Duren as a result of the deposition testimony of Howard, Knighton, and David Reber, and prohibit Duren from using these depositions to impeach Howard, Knighton, or Reber at trial.

In response, Duren asserts that he propounded interrogatories upon Washington Group in this case, but that in December 2008, counsel for Washington Group "stonewall[ed]" him by answering only four of the twenty-one interrogatories and objecting to the remaining seventeen. Duren states that, to date, Washington Group has not fully responded to Interrogatory 16. Duren provides a letter dated March 30, 2009, in which he attempts to obtain information requested in his interrogatories. Duren asserts that if Washington Group would have complied in good faith in responding to his discovery requests, he would have obtained the same information he obtained in the depositions in the *Thomas* case through

those discovery requests.  In its reply, Washington Group asserts that Duren's arguments should have been filed in a motion to compel.

The court agrees that the appropriate course of action would have been to file a motion to compel, and does not condone obtaining discovery in contravention of its order denying the request to extend the discovery deadline.  The court notes, however, that at the time it denied the motion to extend the discovery deadline and to continue this case, it was unaware of the various issues with discovery in this case, as Duren failed to bring the issues to the attention of the court.  Furthermore, at the time of Duren's request, Duren's counsel failed to set forth any of the scheduling issues he now presents.  The court will not exclude all evidence gained by Duren as a result of the deposition testimony of Howard, Knighton, and David Reber.  Furthermore, the court will not, at this time, prohibit Duren from using these depositions to impeach Howard, Knighton, or Reber at trial, as doing so may impede the court's ability to appropriately judge the truthfulness of the witnesses.

IT IS SO ORDERED this 1st day of May, 2009.

_____
UNITED STATES DISTRICT JUDGE