## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

**DEXTER DUREN**                                                                 **PLAINTIFF**

**vs.**                              **CASE NO. 5:07-CV-00297-BSM**

**WASHINGTON GROUP INTERNATIONAL, INC.**                    **DEFENDANT**

### ORDER

Before the court are the briefs of the parties on the issue of damages.

### I.  BACKGROUND

This case was tried to the court from May 4 to May 7, 2009.  At trial, counsel for the parties announced that, to expedite the trial, the parties would confer post trial and determine plaintiff's damages in the event that the plaintiff prevailed.  For that reason, plaintiff made no record during the trial regarding his damages.  Judgment was entered for plaintiff on June 5, 2009, and, pursuant to the parties' announcement at trial, they were ordered to provide the court with plaintiff's damages, including his back pay from the date that DeArthur Grice began his employment with defendant.  The court noted that it would not award damages for mental anguish.

The parties notified the court on July 1, 2009, that they were unable to agree on several issues, including the issue of back pay and the status of Grice in light of the court's order.  Although the parties requested mediation, the court found that it would award damages after considering briefs submitted by the parties.

## II.  DAMAGES

A.    <u>Back Pay Award</u>

Plaintiff asserts that he is entitled to an award of back pay in the amount of $80,237.86 Specifically, he requests back pay damages in the amount of $10,866.16 for 2006; $29,628.48 for 2007; $24,606.00 for 2008; and $15,137.22 for 2009 as of July 17, 2009.

In response, defendant asserts that damages are not appropriate because it acted in good faith in selecting DeArthur Grice, rather than plaintiff, for the IS Manager position; plaintiff was promoted in 2008 to an exempt salaried position; and the award for back pay and front pay is speculative.  If, however, the court awards back pay, defendant asserts that the appropriate award is $40,945.34, from April 23, 2007, to July 10, 2009.

Defendant asserts that the back pay period should not begin on September 1, 2006, as claimed by plaintiff because Calvin Tran held the IS Manager position until September 5, 2006.  Furthermore, defendant did not extend Grice an unconditional offer of employment until March 22, 2007, which listed Grice's start date as April 23, 2007.  Thus, defendant contends that even if it had promoted plaintiff, plaintiff would not have started the job until late March at the earliest.  Defendant states even then, plaintiff might have attempted to negotiate a different rate of pay, as he did with his 2008 promotion, which would have delayed the promotion date even further.

Additionally, defendant asserts that the overtime, lead pay, and bonuses received by plaintiff should be included in the calculation of back pay.  Grice, as IS Manager, was

employed as a salaried exempt employee and received a salary without additional overtime or lead pay, but he did receive bonuses.  Defendant notes that the base pay salary amounts provided by plaintiff are incorrect.  According to defendant's calculations, the difference in pay between plaintiff and Grice was $7,115.59 from April 23, 2007 through the end of 2007; $19,073.03 in 2008; and $14,756.72[1] from January 1, 2009, through July 10, 2009. Therefore, defendant asserts that the total back pay award from April 23, 2007 through July 10, 2009, is $40,945.34.

As previously held, back pay should be calculated beginning on the date that DeArthur Grice began his employment with defendant.  For this reason, the appropriate back pay award is $40,945.34, which takes into account salary, overtime, bonuses, and lead pay from April 23, 2007, through July 10, 2009.

B.      Prejudgment Interest

Plaintiff also requests prejudgment interest at a rate of .49% ($1.08 per day) since September 5, 2006.  This request is well-taken and prejudgment interest is hereby awarded. As noted above, however, prejudgment interest will begin on April 23, 2007.

C.      Instatement and Front Pay

Plaintiff also asserts that he should be instated to the IS Manager (Grade 16) position; his salary should be adjusted to DeArthur Grice's current salary; and he should receive the past and future bonuses awarded to Grice until he is placed into a position equal to or greater

---

[1]  Although defendant states that the difference in salaries in 2009 through July 10, 2009, was $14,756, using the numbers provided by defendant, the actual figure is  $14,756.72.

than the IS Manager position.

Defendant asserts, however, that the court should order that the plaintiff be promoted to the IS Manager position, or a comparable position, when such a position becomes available. Defendant states that the court should not displace Grice, an innocent incumbent, from the IS Manager position in ordering relief. Until plaintiff is instated in such a position, defendant states that plaintiff should receive as front pay $965.27 per pay period (every two weeks), which reflects the current difference in pay between plaintiff and Grice.

Defendant asserts that the front pay should end whenever the earlier of the following events occur: (1) when plaintiff receives a promotion to IS Manager or a comparable position; (2) when defendant closes the IS Department, which is expected to occur at the latest on April 8, 2013; (3) if plaintiff terminates his employment with the defendant; (4) if defendant terminates plaintiff's employment; (5) if plaintiff declines an offer of comparable employment with defendant; or (6) if plaintiff is unable to work for reasons unrelated to the actions of defendant.

Plaintiff's request for instatement to the IS Manager's position is denied. Plaintiff, however, is awarded the difference in pay between plaintiff and Grice, including salary and bonuses, and any overtime or lead pay, to be disbursed to plaintiff at each pay period. The front pay will end whenever the earlier of the following events occur: (1) when plaintiff receives a promotion to IS Manager or a comparable position; (2) when defendant closes the IS Department, which is expected to occur at the latest on April 8, 2013; (3) if plaintiff

terminates his employment with the defendant; (4) if defendant terminates plaintiff's employment; (5) if plaintiff declines an offer of comparable employment with defendant; or (6) if plaintiff is unable to work for reasons unrelated to the actions of defendant.

D.    Injunctive Relief

Plaintiff asserts that he should be given nunc pro tunc credit for the IS Manager position for purposes of reference since September 2006, when Calvin Tran resigned. Plaintiff further asserts that the court should enjoin defendant from committing further acts of discrimination and retaliation against him, and afford him job responsibilities which will qualify him for other placement in the company upon project completion.

Defendant asserts that the court should not order defendant to credit plaintiff with management experience that he does not, in fact, have.  If defendant were to do so, it would essentially be falsifying its records and would be in the position of misrepresenting plaintiff's work history to third parties seeking references.  Defendant also asserts that the plaintiff's request to enjoin defendants from committing further acts of discrimination and retaliation against him is unnecessary because discrimination laws prevent such actions and protect plaintiff. Defendant further asserts that requiring it afford plaintiff job responsibilities which would qualify him for other placement upon project completion would place plaintiff in a better position than he would have been absent the alleged discrimination, would be vague, and would be difficult to carry out.

Although defendant discriminated against the plaintiff, court's do not sit as ultimate

human resources managers and it would be inappropriate for this court to instruct defendant

on how to utilize its employees, including plaintiff.  Plaintiffs requests are therefore denied.

E.      Punitive Damages

        "Title VII allows punitive awards in the 'narrow class of cases' where the employer

acts with malice or reckless indifference to the federally protected rights of the employee."

*Rowe v. Hussmann Corp.*, 381 F.3d 775, 783 (8th Cir. 2004).   "This standard does not

required egregious misconduct . . ., but there must be evidence that the employer

intentionally discriminated and had knowledge that it may be acting in violation of federal

law." *Id.* at 783-84 (internal citations and quotations omitted).  "Congress has capped the

total of all pecuniary losses, nonpecuniary losses, and punitive damages in Title VII cases at

$300,000."  *Williams v. ConAgra Poultry Co.*, 378 F.3d 790, 798 (8th Cir. 2004) (citing 42

U.S.C. § 1981a(b)(3)).

        Plaintiff asserts that he is entitled to punitive damages in the amount of $300,000, the

maximum authorized by Title VII.  Plaintiff asserts that the conduct of Ted Howard and

David Knighten was tantamount to a specific conspiracy to target and deprive the plaintiff

of his civil rights, which demonstrates that they had an intent to harm the plaintiff or that they

acted with reckless indifference to the federally protected rights of the plaintiff.

        In response, defendant asserts that the court's previous order, setting forth the types

of damages plaintiff could recover, did not award any punitive damages, and specifically

refused to award any damages for mental anguish.  Defendant also asserts that even assuming

Howard and Knighton attempted to eliminate plaintiff from consideration, David Reber required Howard and Knighton to reconsider the recommendation to promote Dedman, and in fact, made the decision to hire Grice, a black man.  Defendant further asserts that plaintiff did not specifically request punitive damages in his complaint, did not allege that defendant acted with malice or reckless indifference to his protected rights, and did not allege an adequate basis for the recovery of damages.  Thus, defendant contends it did not have fair notice of plaintiff's intention to seek punitive damages.

Plaintiff's request for punitive damages is denied.

## III.  CONCLUSION

Plaintiff is awarded $40,945.34 in back pay from April 23, 2007, through July 10, 2009. Plaintiff is awarded the difference in pay between plaintiff and Grice, including salary and bonuses, and any overtime or lead pay, to be disbursed to plaintiff at each pay period. The front pay will end whenever the earlier of the following events occur: (1) when plaintiff receives a promotion to IS Manager or a comparable position; (2) when defendant closes the IS Department, which is expected to occur at the latest on April 8, 2013; (3) if plaintiff terminates his employment with the defendant; (4) if defendant terminates plaintiff's employment; (5) if plaintiff declines an offer of comparable employment with defendant; or (6) if plaintiff is unable to work for reasons unrelated to the actions of defendant.  Plaintiff's requests for injunctive relief and punitive damages are denied.  Prejudgment interest of .49% ($1.08 per day) since April 23, 2007, is also awarded.

IT IS SO ORDERED this 11th day of August, 2009.

_____
UNITED STATES DISTRICT JUDGE